UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERI LEE HAWORTH,<br><br>  Plaintiff,<br><br>  v.<br><br>FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | No. 2:16-cv-00998 JAM GGH<br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       A complaint must contain more than a "formulaic recitation of the elements of a cause of

7  action;" it must contain factual allegations sufficient to "raise a right to relief above the

8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9  "The pleading must contain something more ... than ... a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., *quoting* 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.

14  Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16  Id.

17       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

18  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

19  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22       The Complaint here purports to be brought to this court on the basis of federal question

23  jurisdiction.  ECF No. 1 at 3.  It bases that claim, however, solely on California State statutes.

24  See id. at 4 identifying California Code of Civil Procedure section 372 which addresses

25  conservatorships of minors.  There are no federal statutes or legal theories mentioned in the

26  complaint.  Plaintiff seems to allege that a settlement occurred in a state court action, but she was

27  never paid.

28  ////

As a result, the court will dismiss this complaint without prejudice to amendment if the plaintiff has any plausible federal claim. The plaintiff will be given 30 days to file an amended complaint, if she is able, to correct this deficiency. If no amended complaint is filed, the court will request that the district court dismiss the case with prejudice.

Should plaintiff determine to file an amended complaint, she is directed to conform to the requirements of Federal Rule of Civil Procedure 8, which sets the standard for proper pleading in a federal court. Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim that states the facts and demonstrates the basis for the relief plaintiff seeks, and a demand for the relief sought. The present complaint has no statement of facts at all, merely a reference to the Civil Procedure Code section referred to above.

If the plaintiff cannot state a basis for *federal* jurisdiction – a federal statute or federal constitutional provision – that would entitle her to relief in a federal court, the filing of an amendment would be a fruitless exercise and she should, instead, pursue her rights in a California Superior Court.

In light of the foregoing IT IS ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED'
2. Plaintiff's complaint is DISMISSED with leave to amend;
3. Plaintiff shall file an amended complaint, if any, no more than 30 days from the date of this Order.

Dated: October 12, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE